Carol Richman, Esq.  
LAW OFFICE OF CAROL RICHMAN, PLLC  
94 Hasbrouck Rd.  
New Paltz, NY 12561  
845-419-3860  
Attorney for the Debtor

Hearing Date: February 28, 2017  
Hearing Time: 10:45 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  
IN RE:

FRANK ANTHONY PETRELLI,

              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 13  
Case No. 16-35848 CGM

## NOTICE OF MOTION OBJECTING TO CLAIM 9 FILED BY JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

PLEASE TAKE NOTICE that the undersigned, being the attorney for the above referenced Debtor will move the above named Court at 355 Main Street, Poughkeepsie, NY 12601 on the February 28, 2017 at 10:45 AM or as soon thereafter as counsel can be heard for an Order pursuant to for an Order pursuant to 11 U.S.C Section 502(b) and Rule 3007 of the Rules of Bankruptcy Procedure:

(1) Expunging Claim #9 of JP Morgan Chase, N.A. which alleges to hold a first mortgage against Debtor's primary residence known as 1010 Scotchtown Collabar Road, Montgomery, New York, 12549;

(2) That the Court direct the Chapter 13 Trustee to strike the Proof of Claim of JP Morgan Chase, N.A.;

(3) That the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court in the form of actual damages;

(4) That the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court in the form of statutory damages;

(5) That the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court for punitive damages;

(6) That the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court all legal fees and expenses incurred by his attorney;

(7) That the debtor be granted a preliminary hearing on all issues raised by the pleadings in this case; and

(8) That the debtor have such other and further relief as the Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE, the answering papers, if any, shall be served upon and received by counsel for the Debtor(s) at the address indicated below and filed with the Court together with proof of such service, no later than seven (7) days prior to the return date hereof.

Dated: New Paltz, New York
        January 23, 2016

By: */s/ Carol Richman*
Carol Richman, Esq.
LAW OFFICE OF CAROL RICHMAN, PLLC
94 Hasbrouck Rd.
New Paltz, NY 12561
845-419-3860
Attorney for the Debtor

To:

JEFFREY L. SAPIR, ESQ.
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603

United States Trustee
74 Chapel Street, Suite 200
Albany, New York 12207

JP Morgan Chase Bank, NA
c/o Shapiro DiCaro & Barak, LLC
One Huntington Quadrangle # 3N05
Melville, New York 11747

JP Morgan Chase Bank, NA
Chase Records Center, Attn. Correspondence
Mail Code LA4-5555
700 Kansas Lane,
Monroe, LA 71203

Carol Richman, Esq.
LAW OFFICE OF CAROL RICHMAN, PLLC
94 Hasbrouck Rd.
New Paltz, NY 12561
845-419-3860
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

                                                                  Chapter 13
                                                                  Case No. 16-35848 CGM

FRANK ANTHONY PETRELLI,

                Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEBTORS' MOTION OBJECTING TO CLAIM 9 FILED BY JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

**TO:    THE HONORABLE CECELIA G. MORRIS
          CHIEF UNITED STATES BANKRUPTCY JUDGE**

       Chapter 13 Debtor Frank Anthony Petrelli ("Debtor" or "Mr. Petrelli") by and through his attorney, Law Office of Carol Richman, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure respectfully objects to the Proof of Claim # 9 filed in this case by JPMorgan Chase Bank, National Association ("Chase"), and in support hereof respectfully shows unto the Court the following:

       1.       This case was commenced by the filing of a pro se petition with the clerk of this Court on May 4, 2016.

       2.       Debtor Frank Anthony Petrelli (Mr. Petrelli) and his non-debtor wife own their residence located at 1010 Scotchtown Collabar Road, Montgomery, New York, 12549 (the "Property").

3. The Chapter 13 Plan lists Chase Home Finance as the Creditor for the property.

4. The Property is subject to a first priority mortgage dated February 23, 2004 (the "Mortgage") securing Mr. Petrelli's promissory note of that same date in the original principal amount of $291,000 to Guaranteed Home Mortgage Co., Inc. (the "Note). The Note and Mortgage are hereafter referred to collectively as the "Loan".

5. Based upon the Note and Mortgage, JPMorgan Chase Bank, National Association, ("Chase") filed Claim # 9 in this case on August 22, 2016 in the amount of $657,904.34 with an amount due of arrearage to cure the default of $422,130.28 and an interest rate of six percent. *See* Exhibit "A," annexed hereto.

6. Annexed to it Proof of Claim, Chase filed Claim 9 part 4, a lost note affidavit with a copy of the "original note" attached (Exhibit B), and an assignment of mortgage from MERS as nominee for Guaranteed Home Mortgage, Co., Inc. to JP Morgan Chase Bank, N.A. dated July 28, 2014. Exhibit C.

7. Mr. Petrelli alleges that (1) the copy of the Note annexed to the Proof of Claim is not a copy of an "original" Note; (2) that another allegedly original Note has been proffered by Chase in a state court action which is markedly different from the one annexed to Proof of Claim # 9, (3) that the assignment of mortgage is void, and (4) that the lost note affidavit provides insufficient testimony to establish that the Note was ever transferred to Chase or that Chase is the owner of the Note.

8. Mr. Petrelli hereby files this Objection to Proof of Claim to expunge and disallow Chase's Proof of Claim.

**BACKGROUND**

9. On February 23, 2004, Mr. Petrelli signed a promissory note in the amount of $291,000 to Guaranteed Home Mortgage Co., Inc. ("Note). Both he and his non-debtor wife signed the subject mortgage on that same date.

10. Subsequently, when Mr. Petrelli retired early, primarily due to health conditions that originated from working at "ground zero" of the former World Trade Center, he and his wife Victoria suffered economic hardship, and Mr. Petrelli defaulted on a handful of mortgage payments.

11. In 2005, Chase Home Finance LLC and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a foreclosure action in the New York State Supreme Court of Orange County, Index Number 7322/05. The Petrellis failed to timely appear in the action. On February 1, 2006, the Honorable Joseph G. Owen, J.S.C. granted an Order Appointing Referee to Compute. A Judgment for Foreclosure and Sale, granted on May 17, 2006 and later amended May 25, 2006 (Exhibit D) annexed a copy of the promissory Note. Exhibit E.

12. The note shows that Guaranteed Home Mortgage Co., Inc. New York Corporation ("Guaranteed Home Mortgage") originated the Note. There is a special endorsement from Guaranteed Home Mortgage to Flagstar Bank, FSB signed by Francesca A. Badolato, Assistant Secretary. There is also an unsigned endorsement by Guaranteed Home Mortgage, to Flagstar Bank FSB that has been stamped "void." There are no endorsements to Chase.

13. The auction of the Petrelli residence took place on February 20, 2008. Subsequently, the successful bidders, Joseph Tomlinson and Millpond Management, Inc., claimed that the Plaintiffs/sellers lacked standing, and on or about October 2, 2008 moved for an order pursuant to CPLR 5015(a)(4) vacating the judgment of foreclosure and directing return of

their down payment. The Court issued a decision on December 16, 2008, setting the matter for hearing. Exhibit F. Judge Owen stated,

> With respect to MERS, it has been repeatedly held that a nominee of the owner of the note and mortgage, such as . . . . [MERS], may not prosecute a mortgage foreclosure action in its own name as nominee of the original lender because it lacks ownership of the note and mortgage at the time of the prosecution of the action". . . . Likewise plaintiff Chase proffers no evidence to support its claim that it "is the owner and holder of the note and mortgage" (Complaint, p.2. ¶5). Accordingly, neither plaintiff has established its standing.

*Id.* at 2-3. In the September 29, 2009 Short Form Order, Judge Owen granted the bidders motion holding that Plaintiffs' lacked standing and stated,

> Plaintiff failed to introduce any evidence at all on the question, but merely handed up to the Court a case indicating that the standing issue may be waived by default (*see, HSBC Bank, USA v Dammond,* 59 AD3d 679). Although the holding of this case may affect the defaulting defendant's rights, plaintiff does nothing to show how it affects the rights of third-party bidders, who have timely raised the standing issue.

Exhibit F at 2.

14. On or about June 2009, a representative from Chase telephoned Mr. Petrelli and offered him a loan modification. Mr. Petrelli entered into a verbal agreement with Chase and made six monthly payments of $2,342.44 by certified funds with the promise that Chase would provide a loan modification. However, after making payments and calling Chase numerous times, an underwriter at Chase informed Mr. Petrelli that Chase could not grant a loan modification because it was without clear title to do so.

15. For years, Plaintiffs made no attempt to have the referee auction the home again. Then, on March 18, 2014, Chase moved for an Order Substituting the Referee, which was signed

by the Hon. Catherine A Bartlett on April 7, 2014. A foreclosure auction was scheduled for June 24, 2014.

16. On June 13, 2014, Mr. Petrelli brought a *pro se* Order to Show Cause to, *inter alia,* vacate the amended order of reference and the Judgment for Foreclosure and Sale. Before the motion was decided, Mr. Petrelli, again acting *pro se,* filed for bankruptcy.[1] On December 8, 2014, the court decided the Order to Show Cause finding that "the grounds asserted for this application are that Plaintiff lacks standing to pursue this action." Exhibit H at 2. The court denied the Order to Show Cause holding that Judge Eckert's decision that Defendants waived their standing defense due to their default was the law of the case. *Id.*

17. On April 27, 2016, Mr. Petrelli filed a Motion to Reargue brought by Order to Show Cause because of new evidence, *i.e.,* two assignments of mortgage. One assignment, dated July 28, 2014, was filed with the Orange County Clerk's Office on September 22, 2014. The other assignment, dated November 20, 2014, was filed with the County Clerk on March 31, 2015. Exhibit I. Mr. Petrelli argued that Plaintiff Chase had manufactured these fatally flawed assignments in attempt to show ownership of the mortgage, *nun tunc pro* and that such acts as well as Chase's testimony throughout the foreclosure action misrepresented facts so egregiously that in the interest of justice, the court should vacate the order of reference and judgment of foreclosure and sale.

18. Before the Order to Show Cause was decided, on May 4, 2016, Mr. Petrelli filed, *pro se,* the instant Chapter 13 action. On June 14, 2016, Mr. Petrelli filed a Motion to Allow

---

[1] While the automatic stay was still in place, Plaintiffs again scheduled the home for auction with a sale date of December 3, 2014m which led to the court enjoining Plaintiffs from selling the property.

(Doc. 16) seeking a comfort order from this Court so that the pending Order to Show Cause could be decided in the state court action. The motion was granted on June 30, 2016. (Doc. 18.)

19. On September 6, 2016, the state court denied Mr. Petrelli's Order to Show Cause finding that "[o]nly evidence which was in existence but undiscoverable with due diligence at the time of judgment may be characterized as newly discovered evidence" and "the assignments of mortgage were not in existence when the May 2006 Judgment of Foreclosure and Sale or the April 2014 order appointing a substitute referee were issued." Exhibit J at 6. The court further held that it "perceived no grounds for executing its discretionary authority" in the case. *Id.*

20. Now, at issue in this Chapter 13 proceeding is the fact that Chase has in its possession copies of two very different promissory Notes, and has proffered one copy in the state court action and the other in this Chapter 13 proceeding. A comparison of these two Notes shows:

**The note produced in this Chapter 13 proceeding, Claim 9 part 4 (Exhibit B):**
- Guaranteed Home Mortgage originated the Note.

- There is an unsigned endorsement by Guaranteed Home Mortgage, to Flagstar Bank FSB.

- There are no other endorsements to Chase.

- The signature of Mr. Petrelli is different than the one found in Exhibit E.

- Additionally, the lost note affidavit (dated in 2014) that accompanies the copy of the Note states virtually nothing except that the note is lost. No chain of title is provided or date on which the Note was allegedly transferred to Chase. The affidavit does not even allege that Chase owns the Note.

**The note produced in the state court action (Exhibit E):**
- Guaranteed Home Mortgage originated the Note.

- There is a special endorsement from Guaranteed Home Mortgage to Flagstar Bank, FSB signed by Francesca A. Badolato, Assistant Secretary.

- There is an unsigned endorsement by Guaranteed Home Mortgage, to Flagstar Bank FSB that has been stamped "void."

- There are no other endorsements to Chase.

- The signature of Mr. Petrelli is different than the one found in Exhibit B.

21. The assignment of mortgage Claim 9 part 6 (Exhibit C) is defective.

- The mortgage assignment is dated July 28, 2014 and filed September 22, 2014, many years after Chase claimed to have owned the Note in 2005.

- The assignment is from MERS as nominee for Guaranteed Home Loan to MERS as nominee for JPMorgan Chase Bank, N.A., yet the Note shows an endorsement from Guaranteed Home Loan to Flagstar Bank, FSB. As such, the mortgage does not follow the alleged path of the Note.

- Chase assigned the mortgage to itself. The assignments signatory, Carl Bershell is an employee of JPMorgan Chase Bank, N.A, as evidenced by the return address for the assignment: Carl Bershell, JPMorgan Chase Bank, N.A., 780 Kansas Lane, Suite A, Monroe LA, 71203 – the same state and parish (Ouachita Parish) in which the assignment was notarized.

- Only one assignment of mortgage has been produced. The county clerk records show that a second attempt of the same assignment occurred, but to a different entity of Chase. The November 20, 2014 assignment of mortgage from MERS as nominee for Guaranteed Home Mortgage Co, Inc. to MERS as nominee for Chase Home Finance, LLC, successor by merger to chase Manhattan Mortgage Corp. was filed at Orange County Clerk's Office on March 30, 2015. The Clerk's note accurately states, "NO NOTE MADE - WRONG BANK" Exhibit A at 6. As stated above, only Guaranteed Home Loan Co, Inc. (or MERS as assignee for Guaranteed Home Loan Co, Inc.) could assign the Note, if and only if it also endorsed or delivered the Note to Chase.

ARGUMENT

A. **Chase fails to substantiate perfection of a secured interest in Debtor's property.**

22. A promissory Note is a financial instrument that contains a written promise by one party to pay another party a definite sum of money either on demand or at a specified future date. *See e.g.,* UCC § 3-104. As such, the opposition arises from the fact that Chase possesses two versions of a promissory Note for the same debt and has produced, as a basis for its Proof of

Claim, a version that Mr. Petrelli believes not to be a copy of the original Note.

23. Mr. Petrelli objects to the documents upon which the Proof of Claim is based. Under Federal Rules of Bankruptcy, Rule 3001(1) "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim."

24. The fact that two Notes exist on the same debt is prima facie evidence of impropriety.

25. The fact that Chase had motive to fabricate Notes to confer itself standing supports Mr. Petrelli's claim of impropriety and further suggests that such impropriety was intentional.

26. When the Proof of Claim is based upon a fabricated note, then Chase, claiming to be a secured creditor, has failed to meet is obligation under Rule 3001(1), and thus has failed to perfect its claim.

**B.     Lack of required documentation and misrepresentation to the Court.**

27. Mr. Petrelli objects to what he believes to be a fabricated document that Chase has submitted to this court in support of its Proof of Claim # 9. There cannot be two different authentic and original Notes for the full amount on a single debt. Even if Mr. Petrelli had signed two original Notes, then (1) there would not be such a disparity between the two signatures and (2) only one Note would have been subject to endorsements. Chase has circulated two very different Notes in two different courts. Chase now bears the liability for its deceptive actions.

28. Further, a party seeking to enforce a note that it claims is lost must show that, prior to the loss of the note, it (1) was entitled to enforce the instrument and (2) had possession of the instrument. *Desmond v. Raymond C. Green, Inc. (In re Harborhouse of Gloucester,*

*LLC),* 523 B.R. 749, 753-754, 2014 Bankr. LEXIS 4582, *10, 60 Bankr. Ct. Dec. 56 (B.A.P. 1st Cir. 2014). *See also Kemp v. Countrywide Home Loans, Inc. (In re Kemp),* 440 B.R. 624, 626 (Bankr. D.N.J. 2010); UCC § 3-309.

29. In this case the lost affidavit dos not allege that the Note was ever transferred to Chase or that it owns or holds the Note or other pertinent details. *See Puryear v Prokeen Mgt. Co., Inc.,* 2015 NY Slip Op 51497(U), 2, 49 Misc. 3d 1207(A), 26 N.Y.S.3d 215 (N.Y. Sup. Ct. 2015)(lost note affidavit fails to include details as to facts surrounding its execution, how note was lost, where it had been kept and where the search was conducted, accordingly, the lost note affidavit fails to establish ownership; *Ventricelli v. DeGennaro*, 221 A.D.2d 231, 633 N.Y.S.2d 315 (1st Dept. 1995)(affiant does not offer any facts surrounding circumstances upon the claim that Note was lost); *Deutsche Bank Natl. Trust Co. v Anderson*, 2015 NY Slip Op 31371(U), 5-6 (N.Y. Sup. Ct. July 22, 2015)(affidavit does not contain description of procedures for safekeeping and retrieval of original notes, for searching for notes believed to be lost, what efforts if any, were made to preserve them, whether notes were routinely or otherwise destroyed, who conducted the search in this instance and whether a search was conducted in every location where notes were likely to be found).

**C.    Lack of Standing.**

30. A party filing a proof of claim must demonstrate that it has standing to do so. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.* 454 U.S. 464, 472 (1982). Chase has not shown that it has any stake in the ownership of a true and original Note (albeit even a lost one) as either a holder or owner. Therefore, any attempt by Chase to indicate itself as an owner of the loan has been by way of

fabricated and/or misleading documents.

WHEREFORE, Mr. Petrelli seeks the entry of an order

(1) Expunging the Claim #9 of JP Morgan Chase, N.A. which claims to hold a first mortgage against Debtor's primary residence known as 1010 Scotchtown Collabar Road, Montgomery, New York, 12549;

(2) Directing the Chapter 13 Trustee to strike the Proof of Claim of JP Morgan Chase, N.A.;

(3) Directing that the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court in the form of actual damages;

(4) Directing that the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court in the form of statutory damages;

(5) Directing that the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court for punitive damages;

(6) Directing that the Debtor have and recover against JPMorgan Chase Bank, N.A a sum to be determined by the Court all legal fees and expenses incurred by his attorney;

(7) Directing that the debtor be granted a preliminary hearing on all issues raised by the pleadings in this case; and

(8) Granting such other and further relief as the Court may deem just and proper.

Dated: New Paltz, New York
January 23, 2016

By: */s/ Carol Richman*
Carol Richman, Esq.
LAW OFFICE OF CAROL RICHMAN, PLLC
94 Hasbrouck Rd.
New Paltz, NY 12561
845-419-3860
Attorney for the Debtor